**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| HOMER IRA LOCKHART, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 4:04-CV-6 (WLS) |
| | : | |
| SOUTHERN HEALTH PLAN, INC. PLAN | : | |
| ADMINISTRATOR, A SUBSIDIARY | : | |
| AND IN COOPERATION WITH BLUE | : | |
| CROSS/BLUE SHIELD OF MEMPHIS, | : | |
| TENNESSEE, BLUE CROSS/BLUE | : | |
| SHIELD OF CHATTANOOGA, | : | |
| TENNESSEE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court are Plaintiff's Motion for Jury Trial (Doc. 153), Plaintiff's Motion to Produce John Doe (Doc. 154), Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 155), Plaintiff's Request for Court to Review Previous Documents Filed in This Action (Doc. 157), and Plaintiff's Request for Court to Take Judicial Notice (Doc. 162). For the following reasons, Plaintiff's Motion for Jury Trial (Doc. 153) is **DENIED**, Plaintiff's Motion to Produce John Doe (Doc. 154) is **DENIED**, Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 155) is **DENIED**, Plaintiff's Request for Court to Review Previous Documents Filed in This Action (Doc. 157) is **GRANTED-in-part** and **DENIED-in-part**, and Plaintiff's Request for Court to Take Judicial Notice (Doc. 162) is **DENIED**. It is **ORDERED** that the trial of the above-captioned case shall be a **BENCH TRIAL**. Additionally, as discussed more fully below, the Parties are **ORDERED** to submit joint or separate filings **by Monday, July 25, 2011**, indicating whether they fully consent to United States Magistrate Judge M. Stephen Hyles presiding at the

1

bench trial to be held at the United States Courthouse in Columbus, Georgia, as well as Judge Hyles presiding over the case through and including any appeal as provided under the Rules.

## BACKGROUND

Plaintiff is proceeding *pro se* against Defendants in an action brought pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (*See, e.g.*, Doc. 39). Following the January 21, 2004, filing of Plaintiff *pro se*'s original Complaint (Doc. 1), an Amended Complaint was filed raising four (4) Counts and presenting a "demand [for] trial by jury on all issues of this cause so triable." (Doc. 39 at 2-3 & 7-8). Defendants' Answer to Plaintiff's Amended Complaint states that they "deny that plaintiff is entitled to a jury trial." (Doc. 73 at 13). Plaintiff *pro se*'s Counts were narrowed by the Court's Orders (Docs. 98, 142) on several separate Motions for Summary Judgment filed by Defendants (Doc. 79) and Plaintiff *pro se* (Docs. 81, 128). According to the Court's July 20, 2006 Order, the only issues "[r]emaining for trial are Plaintiff's claims brought under 29 U.S.C. § 1132(a)(3) contained within Count II of his [Amended] Complaint." (Doc. 98 at 10). By Order of April 21, 2010, the Court ruled that the case "will proceed to trial on any issues not previously disposed of by prior Order of this Court." (Doc. 142 at 1).

By Order of February 14, 2011, the Court directed the Parties to indicate their preferred trial venue: Albany or Columbus. (Doc. 150 at 1). The Court advised that a trial in Albany could likely occur earlier than a trial in Columbus, due to the undersigned's location in Albany. (*Id.*). In separate filings, Defendants indicated no preferred venue (Doc. 151), and Plaintiff *pro se* expressed a preference for a Columbus venue due to various factors, including cost, convenience, and deference to a plaintiff's choice of trial venue (Doc. 152). The Court has

2

endeavored to accommodate Plaintiff *pro se*'s venue preference, but has thus far been unable to schedule a Columbus trial.

**DISCUSSION**

**I.      *Pro Se* Standard**

As observed above, Plaintiff is proceeding *pro se*. The Eleventh Circuit recognizes that Federal Courts "do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937 (2009). "However, the leniency afforded *pro se* litigants by liberal construction does not give the courts license to serve as *de facto* counsel or permit them to rewrite an otherwise deficient brief." Reeves v. DSI Sec. Servs., 331 Fed. App'x 659, 661 (11th Cir. 2009) (citing GJR Invs., 132 F.3d at 1369).

**II.     Plaintiff's Motion for Jury Trial (Doc. 153) & Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 155)**

On February 23, 2011, Plaintiff *pro se* filed a document simply entitled "Jury Trial." (Doc. 153). The Court reasonably construes this filing as a Motion for Jury Trial, because the first sentence of the filing states: "Plaintiff respectful[ly] *moves the Court to grant* Plaintiff a jury trial on all issues so tri-able [*sic*] in the above styled action." (*Id.* at 1) (emphasis added). The Court accordingly construes Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 155), as both a Motion to Strike and a Response to Plaintiff's Motion for Jury Trial. The Court likewise construes Plaintiff's Response to Defendants' Motion to Strike (Doc. 156) as both a Response to the Motion to Strike and a Reply to the Motion for Jury Trial. Finally, the Court construes the filing entitled "Plaintiff's Response to Defendants' Document (155)" (Doc. 159) as a Supplement to Plaintiff *pro se*'s filing found at Docket Number 156. In conclusion, then, the

3

Court finds that the two motions – Plaintiff *pro se*'s Motion for Jury Trial (Doc. 153) and Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 155) – are fully briefed and ripe for ruling.

As indicated above, Plaintiff *pro se*'s Amended Complaint presents a demand for a jury trial. (Doc. 39 at 8). The question posed to the Court by the competing Motions (Docs. 153, 155) is whether the demand is actionable.

The Seventh Amendment of the United States Constitution provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The Supreme Court has "consistently interpreted the phrase 'Suits at common law' to refer to suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989) (emphasis in original). The Supreme Court has also "carefully preserved the right to trial by jury where legal rights are at stake." Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990). The Supreme Court has long instructed that "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U.S. 474, 486 (1935). This Court, cognizant of not only the important constitutional rights involved but also Plaintiff *pro se*'s status as a non-lawyer, has gone beyond the authorities cited in the Parties' briefs to conduct independent research on whether a Seventh Amendment civil jury trial right exists in this case. For the following reasons, after a scrutinizing review, the Court finds that Plaintiff *pro se* has no Seventh Amendment right to a civil jury trial in this purely equitable action.

The basis of Plaintiff *pro se*'s request for a jury trial is contained in the opening paragraph of his Motion for Jury Trial (Doc. 153 at 1), and is parroted in his Response to Defendants' Motion to Strike (Doc. 156 at 4) and his Response to Defendants' Document (155) (Doc. 159 at 3). Asserts Plaintiff *pro se*:

> The plaintiff improperly characterized damages as restitution. *Plaintiff's claim is for compensatory damages - - a legal claim due to the fact the damages plaintiff is seeking is not in the hands of the defendant and the defendants never personally possessed any of the funds as outlined in plaintiff[']s pleadings.*

(*E.g.*, Doc. 153 at 1) (emphasis added). The Court takes this as a calculated move on the part of Plaintiff *pro se* to assert that a Seventh Amendment right to a civil jury trial exists here because he seeks legal damages – specifically, "compensatory damages" – rather than equitable remedies. This move, however, is extremely ill-advised.

Recall that, according to the Court's July 20, 2006 Order, the only issues "[r]emaining for trial are Plaintiff's claims brought under 29 U.S.C. § 1132(a)(3) contained within Count II of his [Amended] Complaint." (Doc. 98 at 10). This portion of the U.S. Code – 29 U.S.C. § 1132(a)(3) – is also referred to by the authorities as ERISA § 502(a)(3). *See, e.g.*, Tullis v. UMB Bank, N.A., 515 F.3d 673, 677 (6th Cir. 2008) (interchangeably referring to 29 U.S.C. § 1132(a)(3) and ERISA § 502(a)(3)). This federal statute, ERISA § 502(a)(3):

> allows a plan participant or beneficiary to bring suit: "(A) to *enjoin* any act or practice which violates any provision of this subchapter [of ERISA] or the terms of the plan, or (B) to obtain other appropriate *equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter [of ERISA] or the terms of the plan." ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Heffner v. Blue Cross & Blue Shield of Ala., Inc., 443 F.3d 1330, 1339 (11th Cir. 2006) (emphasis added); *accord* Tullis, 515 F.3d at 677 ("ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), allows a 'participant, beneficiary, or fiduciary' to enjoin an action that violates any provision within ERISA or 'obtain other equitable relief.'").

5

There is, therefore, a "statutory limitation of remedies available under ERISA § 502(a)(3) to those of an equitable nature," and this statutory limitation "precludes extra-contractual remedies, which are legal in nature." McRae v. Seafarers' Welfare Plan, 920 F.2d 819, 822 (11th Cir. 1991). The Supreme Court has "construed [ERISA § 502(a)(3)(B)] to authorize only 'those categories of relief that were *typically* available in equity,' and thus rejected a claim that … sought 'nothing other than compensatory damages.'" Sereboff v. Mid Atl. Med. Servs., Inc., 547 U.S. 356, 361 (2006) (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993)) (emphasis in original). To put it succinctly: "compensatory damages … do[] not qualify as 'equitable relief' under § 502(a)(3)(B)." Flint v. ABB, Inc., 337 F.3d 1326, 1330 (11th Cir. 2003) (citing Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002)).

Plaintiff *pro se*, apparently believing that it would bolster his chances of securing a civil jury trial, now asserts that his "claim is for compensatory damages." (*E.g.*, Doc. 153 at 1). Compensatory damages, however, are not an available remedy to his ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) claim – his sole remaining claim. (*See* Doc. 98 at 10). Accordingly, were the Court to accept Plaintiff *pro se*'s assertion regarding compensatory damages, the case would be subject to dismissal prior to trial for failure to state a claim that is entitled to relief.

In balancing the equities, the Court finds that the just and fair course is to reject Plaintiff *pro se*'s assertion, because his calculated move is clearly contrary to his stated interest in obtaining a trial. The Court realizes that its decision presses the limits of the *pro se* leniency standard. *See* Reeves v. DSI Sec. Servs., 331 Fed. App'x 659, 661 (11th Cir. 2009). Given this case's long history and the proximity of its culmination, however, the Court finds that justice would not be served in permitting Plaintiff *pro se* to sabotage his entire claim with one ill-advised move made on the eve of trial.

Although the Court does not find it necessary to do so, given the Supreme Court's repeated and unambiguous holdings that only equitable remedies are available under ERISA § 502(a)(3), the Court quickly addresses Plaintiff *pro se*'s argument that the law-versus-equity analysis must consider where the action would have been brought in the courts of 18th Century England and the nature of the remedy sought. (Doc. 156 at 5-12 (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989)). Plaintiff *pro se*'s Count II seeks relief for "Defendants' breach of fiduciary duties." (Doc. 39 at 3, 7). The Supreme Court holds that "an action by a trust beneficiary against a trustee for breach of fiduciary duty … [was] within the exclusive jurisdiction of courts of equity." Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 567 (1990). Thus, in addition to the fact that the relief granted by Congress in ERISA § 502(a)(3) is solely equitable in nature, the type of action that Plaintiff *pro se* brings is solely equitable. He has no constitutional right to a civil jury trial, because his is not a "Suit[] at common law." U.S. Const. amend. VII.

Accordingly, for the foregoing reasons, Plaintiff's Motion for Jury Trial (Doc. 153) is **DENIED**. It is **ORDERED** that the trial of the above-captioned case shall be a **BENCH TRIAL**.

Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 155) is also **DENIED**. Motions to strike are governed by Federal Rule of Civil Procedure 12(f). Rule 12(f) provides: "The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: … (2) on motion made by a party either before responding to the *pleading* or, if a response is not allowed, within 21 days after being served with the *pleading*." Fed. R. Civ. P. 12(f) (emphasis added). This Court in McNair v. Monsanto Co., 279 F. Supp. 2d 1290 (M.D. Ga. 2003), held that "[a] motion to strike is only

appropriately addressed toward matters contained in the pleadings." The Court in McNair further defined pleadings as "complaints, answers and replies to counterclaims." *Id*. at 1298 (citing Fed. R. Civ. P. 7(a)). Plaintiff *pro se*'s "Jury Demand" (Doc. 153) is not a pleading, and is therefore not subject to a motion to strike.

### III. Plaintiff's Motion to Produce John Doe (Doc. 154)

Plaintiff's Motion to Produce John Doe (Doc. 154) requests that an unnamed member of the Court's Staff be subject to deposition by Plaintiff *pro se* and compelled to testify at the upcoming trial regarding an entry on the Docket of the above-captioned case. (Doc. 154 at 1-2). The entry that apparently piqued Plaintiff *pro se*'s interest is an item stating "Demand: $13,215,000," which previously appeared atop the Docket (*see* Doc. 154-1 at 1-3), but is no longer found there (*see generally* Docket). Plaintiff *pro se* contends that this item "cannot be arbitrarily inserted without good cause and knowledge of the truth therein." (Doc. 154 at 1).

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "relevant" information. Fed. R. Civ. P. 26(b)(1). Additionally, Federal Rule of Evidence 402 limits admissibility of evidence to "relevant evidence." Fed. R. Evid. 402; *see also* Fed. R. Evid. 401 (defining "relevant evidence"). Plaintiff *pro se*, as the movant, has the burden to show that the additional discovery and evidence he requests is relevant to his claims. The Court finds that Plaintiff *pro se* has failed to carry that burden. Plaintiff *pro se*'s Motion to Produce John Doe does not state why the Docket item and the member of the Court's Staff who inserted it are relevant to his claim against Defendants for an alleged breach of fiduciary duties under ERISA § 502(a)(3). (*See generally* Doc. 154). The Court observes that its internal procedures are not the subject of trial here. Accordingly, Plaintiff's Motion to Produce John Doe (Doc. 154) is **DENIED**.

8

## IV. Plaintiff's Request for Court to Review Previous Documents Filed in This Action (Doc. 157)

Plaintiff's Request for Court to Review Previous Documents Filed in This Action (Doc. 157) asks that "the court … review the request as outlined in Plaintiff[']s previous documents marked as document[s] Number ( 28 ) and ( 34 )," as well as the "Document marked as exhibit ( A ) attached to this request." (Doc. 157 at 1-2). The Court has indulged Plaintiff *pro se*'s three-part request by reviewing the documents cited. (*See* Docs. 28, 34, 157-1). Accordingly, to the extent that Plaintiff *pro se*'s motion simply asks the Court to review the documents cited, Plaintiff's Request for Court to Review Previous Documents Filed in This Action (Doc. 157) is **GRANTED**.

The Court, however, suspects that Plaintiff *pro se* wants the Court to do more than just read the documents cited. Although Plaintiff *pro se*'s filing is postured quite passively, the Court believes that Plaintiff *pro se* is inviting the Court to take some type of affirmative action based upon the information contained in the documents cited. To this extent, Plaintiff's Request for Court to Review Previous Documents Filed in This Action (Doc. 157) is **DENIED**.

As Defendants correctly argue in their Response (Doc. 158), the documents at Docket Number 28 – Plaintiff's Motion for the Court to Take Judicial Notice of the Element of Fraud in the Foregoing Action (Doc. 28) – and Docket Number 34 – Plaintiff's Response to Defendants' Second Motion for Protective Order and Stay Discovery (Doc. 34) – were ruled upon by the Court nearly seven (7) years ago. By Order of September 14, 2004, the Court denied Plaintiff *pro se*'s judicial notice motion and granted Defendants' motion for protective order. (Doc. 37). Construing Plaintiff *pro se*'s instant Request for Court to Review Previous Documents Filed in This Action (Doc. 157) as a Motion for Reconsideration, the Court finds that it is clearly untimely pursuant to the Local Rules. M.D. Ga. Local R. 7.6 ("Whenever a party or attorney for

a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within fourteen (14) days after entry of the order or judgment."). Additionally, the document attached as "Exhibit A" to Plaintiff's Request for Court to Review Previous Documents Filed in This Action (Doc. 157) is a 1996 opinion from the Maryland Court of Special Appeals that has no precedential impact and scant persuasive effect on this Court. (Doc. 157-1). Accordingly, the Court will decline Plaintiff *pro se*'s implied invitation to take some type of affirmative action in light of this document.

For the foregoing reasons, Plaintiff's Request for Court to Review Previous Documents Filed in This Action (Doc. 157) is **GRANTED-in-part** and **DENIED-in-part**.

## V. Plaintiff's Request for Court to Take Judicial Notice (Doc. 162)

Plaintiff's Request for Court to Take Judicial Notice (Doc. 162) asks that the Court take judicial notice of certain paragraphs in Plaintiff *pro se*'s original Complaint and of "the Defendants['] [m]isrepresentations and false statements shown in" a certain document. (Doc. 162 at 1-3). In their Response, Defendants correctly argue that Plaintiff *pro se*'s request for judicial notice does not satisfy Federal Rule of Evidence 201. (Doc. 163 at 1-2). The Court finds that the items raised by Plaintiff *pro se* are clearly "subject to reasonable dispute," and therefore cannot be judicially noticed. Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute."). If these items are relevant to Plaintiff *pro se*'s claim against Defendants under ERISA § 502(a)(3), then Plaintiff *pro se* may raise them at the appropriate time in the upcoming bench trial. They will not, however, be judicially noticed. Accordingly, Plaintiff's Request for Court to Take Judicial Notice (Doc. 162) is **DENIED**.

## **VI. Court's Inquiry Regarding U.S. Magistrate Judge Hyles Presiding At Bench Trial**

As stated above, the Court has attempted to honor Plaintiff *pro se*'s request to hold trial at the United States Courthouse located in Columbus, Georgia. (*See* Docs. 150, 152). The undersigned, however, is not resident in that Courthouse, as the Parties were advised in the Court's February 14, 2011 Order. (Doc. 150 at 1). Due to logistical issues, a continued delay is expected if the undersigned is to preside at the bench trial in Columbus.

An alternative exists, however, that could provide the Parties a more timely trial. The United States Magistrate Judge who sits in Columbus, Judge M. Stephen Hyles, has volunteered to preside over the bench trial in his Courtroom, if the Parties so consent. Judge Hyles is an experienced judge and trial attorney, and would likely hear the above-captioned case much sooner than could the undersigned.

The United States Code permits that, "[u]pon the consent of the parties, a full-time United States magistrate judge … may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Additionally, "the district court judge … may … advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences." 28 U.S.C. § 636(c)(2). Furthermore, "[u]pon entry of judgment [by the full-time United States magistrate judge], an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3). "The consent of the parties allows a magistrate judge designated to exercise civil jurisdiction … to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure," and

"[n]othing in [these provisions] shall be construed as a limitation of any party's right to seek review by the Supreme Court of the United States." *Id.*

Accordingly, the Parties are **ORDERED** to submit joint or separate filings **by Monday, July 25, 2011**, indicating whether they fully consent to United States Magistrate Judge M. Stephen Hyles presiding at the bench trial to be held at the United States Courthouse in Columbus, Georgia, as well as Judge Hyles presiding over the case through and including any appeal as provided under the Rules. **The Parties are advised that they are free to withhold consent without adverse substantive consequences.** 28 U.S.C. § 636(c)(2). The Parties are further advised that withholding consent may result in a delay in trial – which is not an adverse substantive consequence – as the undersigned attempts to schedule Courtroom time in Columbus. Depending upon whether the Parties give consent, further instructions will be issued.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Jury Trial (Doc. 153) is **DENIED**, Plaintiff's Motion to Produce John Doe (Doc. 154) is **DENIED**, Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 155) is **DENIED**, Plaintiff's Request for Court to Review Previous Documents Filed in This Action (Doc. 157) is **GRANTED-in-part** and **DENIED-in-part**, and Plaintiff's Request for Court to Take Judicial Notice (Doc. 162) is **DENIED**. It is **ORDERED** that the trial of the above-captioned case shall be a **BENCH TRIAL**. Additionally, the Parties are **ORDERED** to submit joint or separate filings **by Monday, July 25, 2011**, indicating whether they fully consent to United States Magistrate Judge M. Stephen Hyles presiding at the bench trial to be held at the United States Courthouse in Columbus, Georgia, as

well as Judge Hyles presiding over the case through and including any appeal as provided under the Rules.

      **SO ORDERED**, this  8th  day of July, 2011.

                                        /s/ W. Louis Sands
                                        **THE HONORABLE W. LOUIS SANDS,**
                                        **UNITED STATES DISTRICT COURT**