IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| HOMER IRA LOCKHART : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | |
| : | CIVIL ACTION FILE |
| SOUTHERN HEALTH PLAN, INC. PLAN : | |
| ADMINISTRATOR, A SUBSIDIARY AND : | NO. 4:04-CV-0006-WLS-MSH |
| IN COOPERATION WITH BLUE CROSS/ : | |
| BLUE SHIELD OF MEMPHIS, TENNESSEE, : | |
| BLUE CROSS/BLUE SHIELD OF : | |
| CHATTANOOGA, TENNESSEE, ET AL. : | |
| : | |
| Defendants. : | |

**ORDER**

Presently pending before the Court is Plaintiff's motion to set aside the judgment in this case (ECF No. 205). Specifically, Plaintiff argues that Federal Rules of Civil Procedure Rule 60(b) allows the Court to set aside its judgment because of Defendants' misconduct and misrepresentations, and based on the doctrine of equitable estoppel. Fed. R. Civ. P. 60(b)(3), 60(b)(6). Plaintiff has also moved to stay enforcement of the judgment (ECF No. 206) and several pre-judgment orders in this case pending the resolution of Plaintiff's motion to set aside the judgment. As explained below, Plaintiff's motions are denied.

**DISCUSSION**

"To prevail on a 60(b)(3) motion, the movant must present clear and convincing evidence that an adverse party has obtained a verdict through fraud, misrepresentation, or

other misconduct." *Kissinger-Campbell v. Randall Harrell, M.D., P.A.*, 418 F. App'x 797, 805 (11th Cir. 2011) (internal quotation marks and citation omitted). Furthermore, "[t]he conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense." *Id.* (internal quotation marks and citation omitted).

Plaintiff's Rule 60(b)(3) argument seems to be that Blue Cross Blue Shield of Tennessee made misrepresentations because it did not have the authority to offer Plaintiff an insurance policy which could then have been transferred to Blue Cross Blue Shield of Georgia. (Mot. to Set Aside J. 2-3.) Plaintiff further states that he did not have to take the conversion policy offered by Blue Cross Blue Shield Tennessee. (*Id.* at 3.) Finally, Plaintiff argues that a certificate of credible coverage should have been issued by Blue Cross Blue Shield Tennessee. (*Id.* at 5.) These arguments do not meet the standard required to have a judgment set aside pursuant to Rule 60(b)(3). Plaintiff has failed to present clear and convincing evidence of misrepresentations or misconduct by Defendants.

Plaintiff also argues that judgment should be set aside pursuant to Rule 60(b)(6) because of the doctrine of equitable estoppel and because Defendants failed to file a timely answer to Plaintiff's Complaint. Rule 60(b)(6) "permits reopening [a case] when the movant shows any [] reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (internal quotation marks and citation omitted). In order to obtain relief under Rule 60(b)(6), a plaintiff must show "extraordinary circumstances justifying the reopening of a final judgment." *Id.* at 535 (internal quotation marks and

citation omitted). Plaintiff has not met the burden of showing any extraordinary circumstance that would justify setting aside the judgment under the Rule 60(b)(6) catch-all. As previously explained to Plaintiff, the district judge determined in this case that Plaintiff was not entitled to a default judgment and that Defendants did timely provide an answer or other responsive pleading to Plaintiff's Complaint. (Order 9, July 22, 2005, ECF No. 71.) Plaintiff may appeal that decision, but is not entitled to the judgment in this case being set aside. Furthermore, Plaintiff's equitable estoppel argument is unavailing.

## CONCLUSION

Plaintiff has not establish any ground that would justify setting aside the judgment in this case. Plaintiff's motion to set aside the judgment pursuant to Rules 60(b)(3) and (6) is therefore denied. Likewise, Plaintiff's motion to stay enforcement of the judgment until the Court rules on his motion to set aside the judgment is denied as moot.

SO ORDERED, this 30th day of May, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE